UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21-cv-00147-MR

| THOMAS W. LIVENGOOD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| EDDIE M. BUFFALOE, Jr., Secretary, | ) | |
| Of North Carolina Department of | ) | |
| Public Safety,[1] | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on review of the Petition for Writ of Habeas Corpus filed by Petitioner Thomas W. Livengood pursuant to 28 U.S.C. § 2254 on June 1, 2021. [Doc. 1].

**I.     BACKGROUND**

Thomas W. Livengood (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is currently serving a sentence of 336 to 413 months of incarceration at Avery-Mitchell Correctional Institution in Spruce

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C.A. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety (NCDPS) is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Eddie M. Buffaloe, Jr., the current Secretary of the NCDPS, is the proper respondent in this action.

Pine, North Carolina, following a conviction on June 11, 2007 of first degree statutory sexual offense in Rowan County Superior Court. [Doc. 1 at 1].

The Petitioner filed a direct appeal and the appellate court issued an order on October 12, 2009 upholding the conviction. [Id. at 2]. The Petitioner sought discretionary review by the North Carolina Supreme Court and his petition was denied on October 12, 2010. [Id. at 2-3].

The Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Rowan County Superior Court on February 2, 2016 that was denied on March 2, 2016. [Id.].

The Petitioner filed a second MAR in the Rowan County Superior Court on January 20, 2021 that was denied on January 29, 2021. [Id. at 3-4]. The Petitioner filed a Petition for Writ of Habeas Corpus with the North Carolina Court of Appeals on March 3, 2021 that was denied on March 9, 2021. [Id. at 4-5].

The Petitioner filed this Petition for Writ of Habeas Corpus on June 1, 2021. [Doc. 1]. The Petitioner raises claims of due process violations and ineffective assistance of counsel. [Id.].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody

pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner's judgment of conviction was entered on June 11, 2007. The North Carolina Supreme Court denied his petition for discretionary review on October 12, 2010. Therefore, the Petitioner's conviction became final on or about January 10, 2011, 90 days after the North Carolina Supreme Court denied his petition for discretionary review, and when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for writ of certiorari); Clay v. United States, 537 U.S. 522, 527 (2003). The one-year statute of limitations contained in the AEDPA then began running

3

Case 1:21-cv-00147-MR   Document 6   Filed 02/08/23   Page 3 of 5

for 365 days until it expired on or about January 10, 2012.  See 28 U.S.C. § 2244(d)(1).

The one-year limitation period for seeking § 2254 review may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2).  However, the Petitioner's post-conviction MAR did not toll the one-year limitations period because the Petitioner did not file the MAR until February 2, 2016, several years after the limitations period had already expired.  See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period).  Therefore, the Petitioner's § 2254 petition filed in this Court on June 1, 2021 was well beyond the statute of limitations and is subject to dismissal as time-barred under § 2244(d)(1)(A) unless the Petitioner can show that he is entitled to statutory tolling under § 2244 (d)(1)(B)-(D), or that equitable tolling of the statute of limitations applies.[2]  As such, the Court will grant the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely, including any

---

[2] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

reasons why the Court should apply statutory or equitable tolling. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. Failure to comply with this Order shall result in dismissal of the Petition.

2. The Clerk is respectfully directed to substitute Eddie M. Buffaloe, Jr., Secretary of the North Carolina Department of Public Safety, as the Respondent in this action.

**IT IS SO ORDERED.**

Signed: February 8, 2023

Martin Reidinger
Chief United States District Judge