UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21-cv-00147-MR

THOMAS W. LIVENGOOD, )
 )
    Petitioner, )
 )
vs. ) **MEMORANDUM OF**
 ) **DECISION AND ORDER**
 )
EDDIE M. BUFFALOE, Jr., Secretary, )
Of North Carolina Department of )
Public Safety, )
    Respondent. )
_____ )

**THIS MATTER** comes before the Court upon the Response filed by the Petitioner on February 27, 2023 [Doc. 7], following this Court's Order [Doc. 6] directing the Petitioner to address why his § 2254 petition should not be dismissed as untimely.

**I.    BACKGROUND**

Thomas W. Livengood (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is currently serving a sentence of 336 to 413 months of incarceration following a June 11, 2007conviction for first-degree statutory sexual offense in Rowan County Superior Court. [Doc. 1 at 1].

The Petitioner filed a direct appeal and the appellate court issued an order on October 12, 2009 upholding the conviction. [Id. at 2]. The Petitioner

sought discretionary review by the North Carolina Supreme Court and his petition was denied on October 12, 2010. [Id. at 2-3].

The Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Rowan County Superior Court on February 2, 2016 that was denied on March 2, 2016. [Id.]. The Petitioner filed a second MAR in the Rowan County Superior Court on January 20, 2021 that was denied on January 29, 2021. [Id. at 3-4]. The Petitioner filed a Petition for Writ of Habeas Corpus with the North Carolina Court of Appeals on March 3, 2021 that was denied on March 9, 2021. [Id. at 4-5].

The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on June 1, 2021. [Doc. 1]. Upon initial review of the petition, the Court entered an Order directing the Petitioner to show cause why the petition should not be dismissed as untimely. [Doc. 6]. The Petitioner filed his Response on February 27, 2023. [Doc. 7].

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas petition must be filed within one year of the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The Petitioner's conviction became final on or about

2

Case 1:21-cv-00147-MR   Document 8   Filed 03/14/23   Page 2 of 6

January 10, 2011, 90 days after the North Carolina Supreme Court denied his petition for discretionary review, and when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for writ of certiorari); Clay v. United States, 537 U.S. 522, 527 (2003). Under the AEDPA, the Petitioner's one-year statute of limitations began to run on January 10, 2011 and expired on or about January 10, 2012. See 28 U.S.C. § 2244(d)(1)(A).

The Petitioner did not file his post-conviction Motion for Appropriate Relief in state court until February 2, 2016, several years after the limitations period had already expired. As such, the post-conviction filing did not toll the one-year statute of limitations for filing a federal habeas action. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period).

The Petitioner filed his § 2254 petition in this Court on June 1, 2021, well past the one-year statute of limitations. The Court ordered the Petitioner to respond and explain why his § 2254 petition should not be dismissed as untimely and to include in his response any reasons why he is entitled to statutory tolling of the statute of limitations under § 2244 (d)(1)(B)-(D) or equitable tolling of the statute of limitations. [Doc. 6].

Under statutory tolling, a petitioner may be permitted to file a habeas petition within one year from the following: (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).  Under equitable tolling, an otherwise untimely habeas petition may be treated as timely filed where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing.  Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).

In his Response, the Petitioner states that he is "completely ignorant when it comes to the technicality of the law" and that all of his post-conviction filings have been prepared by other inmates or "jailhouse lawyers." [Doc. 7 at 1].  The Petitioner states that he was not aware of the one-year statute of limitations. [Id.].  The remainder of the Petitioner's Response references

allegations of ineffective assistance of counsel and does not provide any additional explanation for the untimeliness of his § 2254 petition. [Doc. 7 at 2-3].

The Petitioner does not provide any facts to show he would be entitled to statutory tolling under § 2244 (d)(1)(B)-(D). The Petitioner also fails to provide any facts that identify any extraordinary circumstances which occurred to prevent him from timely filing his § 2254 petition. The Petitioner's explanation concerning his lack of knowledge of the law and reliance on jailhouse lawyers does not constitute the type of extraordinary circumstances outside his control or egregious misconduct to warrant the application of equitable tolling. See Garcia Negrete v. United States, 2020 WL 2041342, *2 (W.D.N.C. April 28, 2020)(attorney misadvice, lack of legal knowledge, and lack of law library access do not warrant equitable tolling); United States v. Sosa, 354 F.3d 507, 512 (4th Cir. 2004)(ignorance of the law does not provide a basis for equitable tolling).

The Petitioner has not met his burden to establish that statutory or equitable tolling applies to excuse the untimeliness of his § 2254 petition. As such, the § 2254 petition shall be dismissed as untimely.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. §

2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as untimely filed.

2. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: March 12, 2023

Martin Reidinger
Chief United States District Judge